```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    NORTHERN DIVISION

CECIL HARVEY,                     :

     Petitioner,                  :

v.                                :
                                       CIVIL ACTION 07-288-WS-M
ALBERTO GONZALES,                 :
MICHAEL CHERTOFF,
WARDEN DAVID O. STREIFF,          :

     Respondents.                 :
```

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2241 by Cecil Harvey, a citizen and native of Barbados, who has been detained by the U.S. Department of Homeland Security (Doc. 1).[1]  This action has been referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c) and is now ready for consideration.  The record is adequate to determine Petitioner's claims; no evidentiary hearing is required.  It is recommended that the instant petition be dismissed as premature.

Harvey entered this country on March 4, 1972 (*see* Doc. 10, Exhibit 1, p. 1).  In 1993, Petitioner was convicted of possession of a forged instrument under the laws of New York; in 1994, he was convicted of possession of stolen property (*id.*).

---

[1] Petitioner has been in the actual custody of David O. Streiff, Warden of the Perry County Correctional Center in Uniontown, Alabama. "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody with the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).

Harvey asserts that he was taken into custody by agents of the U.S. Bureau of Immigration and Customs Enforcement (hereinafter *ICE*) and was charged as a removable alien under the Immigration and Nationality Act (Doc. 1, p. 1).  On May 30, 1997, an Immigration Judge found that Harvey should be deported from this country (*see* Doc. 10, Exhibit 1, p. 1).  Petitioner's appeal to the Board of Immigration Appeal (hereinafter *BIA*) was denied on August 6, 1999 (*see id.*).  On February 12, 2003, the Eastern District Court of New York granted a stay of deportation, but the petition was ultimately dismissed on October 29 2004 (*see id.*).  "On January 14, 2005, the BIA denied Petitioner's Motion to Reopen, resulting in Petitioner's final order of removal" (*see* Doc. 13, Exhibit 2 [Outlaw Declaration], ¶ 7).  A second stay was subsequently granted by the Court of Appeals for the Second Circuit, but that petition was dismissed on December 20, 2006 (*see* Doc. 10, Exhibit 1, p. 1).  Six days later, Harvey was again taken into ICE's custody (*see id.*).  On January 5, 2007, Petitioner filed another petition with the Second Circuit Court of Appeals which was dismissed four short weeks later (*see id.*).  On February 20, 2007 another Stay was entered by the Second Circuit Court of Appeals (*see id.*); on August 6, 2007, the Appellate Court dismissed the petition and denied the Stay of Deportation (*see* Doc. 13, Exhibit 1, p. 4).

Petitioner filed this action on April 24, 2007 (Doc. 1).  He maintains that he has been detained for too long and that such

detention is improper (*id.* at p. 4). Harvey seeks supervised release (*id.*).

Respondents filed a Supplemental Response, stating that this action was filed prematurely as Petitioner's various requests for Stays of Deportation have tolled the statute for purposes of determining how long Harvey has been detained (Doc. 13, pp. 2-5). Respondents further assert that Petitioner has not been detained for the requisite six months for this Court to consider his release (*id.*).

The United States Supreme Court, in *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001), held that 28 U.S.C. § 2241 confers jurisdiction on federal courts to entertain actions such as this. In interpreting 8 U.S.C. § 1231,[2] the *Zadvydas* Court held that

---

[2]The Court notes that 8 U.S.C. § 1231, entitled "Detention and removal of aliens ordered removed," states, in pertinent part, as follows:

> (a) Detention, release, and removal of aliens ordered removed
>    (1) Removal period
>      (A) In general
>        Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").
>      (B) Beginning of period
>        The removal period begins on the latest of the following:
>          (i) The date the order of removal becomes administratively final.
>          (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>          (iii) If the alien is detained or confined (except under an immigration process), the date the alien is

the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States.  It does not permit indefinite detention."  *Zadvydas*, 533 U.S. at 689.  The Court went on to hold that "six months [was] a presumptively reasonable period of time to detain a removable alien awaiting deportation" pursuant to § 1231.  *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1051 (11th Cir. 2002).  The *Zadvydas* Court further stated, however, that "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  *Zadvydas*, 533 U.S. at 701.

In *Akinwale*, the Eleventh Circuit Court of Appeals held that the six-month-period "must have expired at the time [the Petitioner's] petition was filed in order to state a claim under *Zadvydas*."  *Akinwale*, 287 F.3d at 1052.  The *Akinwale* Court also noted that the six-month-period could be interrupted by a petitioner's motion for a stay of deportation or removal; this interruption would necessarily include whatever time was needed

---

                                    released from detention or
                                    confinement.
            (C) Suspension of period
                The removal period shall be extended beyond a
                period of 90 days and the alien may remain in
                detention during such extended period if the
                alien fails or refuses to make timely
                application in good faith for travel or other
                documents necessary to the alien's departure or
                conspires or acts to prevent the alien's removal
                subject to an order of removal.
8 U.S.C.A. § 1231.

for the court, to which such motion had been made, to rule. *Akinwale*, 287 F.3d at 1052 n.4.

The evidence of record shows that the Order of Removal became administratively final on January 14, 2005 when the BIA denied Petitioner's Motion to Reopen (Doc. 13, Exhibit 2, ¶ 7). Harvey was not taken into custody until December 26, 2007 (*see* Doc. 10, Exhibit 1, p. 1).  So the six-month detention clock did not begin running until the next day.  Petitioner filed this action on April 24, 2007 (Doc. 1), not quite four months after he was taken into custody.  Putting aside the discussion of Harvey's multiple Stays of Deportation, discussed earlier, he has not been detained for a period of six months prior to the filing of this action as required in *Akinwale*.  This action is premature.

Therefore, it is recommended that this action be dismissed as premature and that judgment be entered in favor of Respondents Alberto Gonzales, Michael Chertoff, and David O. Streiff and against Petitioner Cecil Harvey.

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set

out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 5th day of September, 2007.

<u>s/BERT W. MILLING, JR.</u>
UNITED STATES MAGISTRATE JUDGE
